EDWARD HUGHES, PETITIONER-RESPONDENT, v. NEW JERSEY STATE HIGHWAY DEPARTMENT, RESPONDENT-PROSECUTOR.

Argued October 7, 1942—Decided December 11, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *David T. Wilentz* and *Robert S. Hartgrove.*

For the respondent, *Strong & Strong (Theodore Strong,* of counsel).

The opinion of the court was delivered by

COLIE, J.  Prosecutor brings up for review by *certiorari* an order of the Middlesex County Court of Common Pleas affirming a determination of facts and rule for judgment entered in the Workmen's Compensation Bureau.

Prosecutor, the respondent below, gives as its first reason for reversal that "no jurisdictional facts are set forth in the said determination of facts and rule for judgment showing that the alleged accident arose out of and in the course of employment."  On this score, the determination of facts reads: "while he [petitioner] was employed by the respondent on the road, an automobile owned by a third person, skidded into a group of men, petitioner being one of them."  The language quoted is not a finding that the accident arose out of and in the course of the employment, nor is there elsewhere in the determination such a statement by way of a conclusion, which conclusion is justifiable from the evidence.

*Dreyfus* v. *Lutz Co.,* 6 *N. J. Mis. R.* 608; *affirmed,* 106 *N. J. L.* 566.

As the order under review must be set aside, we call attention to the rule requiring specific findings as to the nature and extent of the injury. *Gianfrancisco* v. *Public Service,* 11 *N. J. Mis. R.* 219, and also to the necessity of clarifying any doubt as to the credit to which the respondent herein is entitled by reason of payments that it made prior to the entry of the rule for judgment.

The order of the Middlesex County Court of Common Pleas under date of January 30th, 1942, is set aside and the matter remanded, to be dealt with in accordance with this opinion.